# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MENDOZA,<br><br>    Plaintiff,<br>v.<br><br>FORSTER, GARBUS & GARBUS et al,<br><br>    Defendants. | Civil Action No.<br><br>2:16-CV-1901-SDW-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[D.E. 31]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

    Before the Court is Plaintiff Pedro Mendoza's ("Mr. Mendoza") motion for leave to file an amended complaint.[1] Defendant Forster, Garbus & Garbus ("Forster, Garbus") opposed the motion.[2] The Court has reviewed the parties' respective submissions, and heard oral argument on December 13, 2017.[3] For the reasons set forth herein, Mr. Mendoza's motion is **denied**.

---

[1] (ECF Docket Entry ("D.E.") 31, Mot. to Am.).

[2] (D.E. 38, Def.'s Br.).

[3] Fed. R. Civ. P. 78.

I.      **BACKGROUND AND PROCEDURAL HISTORY**[4]

This action arises from Mr. Mendoza's allegations that Forster, Garbus violated the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, *et seq.*, when they sent him a collection letter for an unpaid debt on April 6, 2015.[5] Mr. Mendoza filed his Complaint approximately one year later, on April 5, 2016.[6] After Forster, Garbus answered the Complaint, the Court conducted an initial conference with the parties and entered a scheduling order.[7] The scheduling order provided, among other things, that "the party seeking to amend or supplement [a pleading] shall request leave to file no later than [March 24, 2017]."[8]

In a joint letter submitted on February 14, 2017, Mr. Mendoza advised the Court of his desire to amend the Complaint.[9] That proposed amendment sought to add allegations regarding Forster, Garbus's ostensible failure to disclose that Mr. Mendoza's account was accruing interest.[10] In a meet and confer on February 15, 2017, the parties agreed to "hold off on producing discovery to engage in settlement discussions."[11] Those discussions did not yield any resolution, and on May

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (*See generally* D.E. 1, Compl.).

[6] (*See* D.E. 1, Compl.).

[7] (D.E. 18, Sched. Order).

[8] (*Id.* ¶ 13 at 3).

[9] (D.E. 19, Joint Ltr., Feb. 14, 2017).

[10] (*See* D.E. 19-2, Joint Ltr., Ex. B, Feb. 14, 2017).

[11] (D.E. 22, Joint Ltr., May 17, 2017).

2

17, 2017, Mr. Mendoza again sought leave to file an amended complaint.[12] On May 26, 2017, the Court issued a Supplemental Scheduling Order which directed the parties to confer as to the proposed amendment.[13] The Court also set a new deadline of June 23, 2017 for seeking leave to amend, if the parties reached an impasse in their attempt to confer.[14] On June 27, 2017, the Court extended this deadline to July 5, 2017.[15] On September 11, 2017, the parties submitted a joint letter notifying the Court of their failure to reach an agreement, and of Mr. Mendoza's request for leave to amend the Complaint.[16] The Court responded by granting leave for Mr. Mendoza to file a motion showing good cause to permit a late amendment.[17] Mr. Mendoza then filed his motion,[18] Forster, Garbus filed its opposition,[19] and the Court held oral argument on December 13, 2017.

In his proposed amendment, Mr. Mendoza seeks to replace the Complaint's original allegation that "Defendants violated the FDCPA by sending debt collection letters to Plaintiff and other New Jersey consumers on law firm letterhead without an attorney first exercising

---

[12] (D.E. 22, Joint Ltr., May 17, 2017). The proposed amendment at that time was presumably the same or similar to the one attached to the February 14, 2017 letter, rather than to the one at issue here, as the proposed amendment here is ostensibly based entirely on statements elicited during a deposition conducted on June 22, 2017.

[13] (D.E. 23, Supp. Sched. Order, May 26, 2017).

[14] *Id*.

[15] (D.E. 25, Order, June 27, 2017).

[16] (D.E. 28, Joint Ltr., Sept. 11, 2017).

[17] (D.E. 29, Order, Sept. 19, 2017).

[18] (D.E. 31, Mot. to Am.).

[19] (D.E. 38, Def.'s Br.)

3

professional judgment[,]"[20] with the allegation that "Defendants violated the FDCPA by sending debt collection letters to Plaintiff and other New Jersey consumers on law firm letterhead with contradictory and confusing language as to whether or not an attorney had involvement in the debt collection matter and to what extent."[21] Mr. Mendoza also seeks to delete over a dozen other references to a lack of attorney involvement.[22] He proposes to add the allegation that Glenn Garbus ("Mr. Garbus"), who is an attorney, did in fact review the debt collection letters at issue,[23] as well as the claim that by including a statement disclaiming attorney involvement "when an attorney at the firm had independently reviewed…the merits of [Mr. Mendoza's account], Defendants violated the FDCPA."[24] Mr. Mendoza also wants to add three new defendants, the individual partners of Forster, Garbus, Ronald Forster, Mark A. Garbus, and Glenn Garbus.[25]

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[26] This District has specified that magistrate judges may determine any non-dispositive pre-

---

[20] (D.E. 1, Compl., ¶ 2).

[21] (D.E. 31-5, Mot. to Am., Ex. B, p. 3).

[22] (D.E. 31-5, Mot. to Am., Ex. B, p. 7-9).

[23] (D.E. 31-5, Mot. to Am., Ex. B, p. 7).

[24] (D.E. 31-5, Mot. to Am., Ex. B, p. 8).

[25] (D.E. 31-5, Mot. to Am., Ex. B, p. 5).

[26] 28 U.S.C. § 636(b)(1)(A).

4

trial motion.[27] Motions to amend are non-dispositive.[28] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[29]

III. **DISCUSSION & ANALYSIS**

    A. **Rule 16 "Good Cause" Analysis**

"Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to amend."[30] What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case,"[31] and the Court has discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[32] Whether good cause exists largely depends on the diligence of the moving party.[33] "[A] party is presumptively not diligent if, at the

---

[27] L. Civ. R. 72.1(a)(1).

[28] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[29] 28 U.S.C. § 636(b)(1)(A).

[30] *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citing *Eastern Minerals & Chemicals Co. V. Mahan*, 225 F.3d 330, 340 (3rd Cir. 2000)).

[31] *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2017) (citing 6A Alan Wright et al., Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010)).

[32] *See Phillips v. Greben,* No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (internal quotations omitted); *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (citing 3 James W. Moore et al., Moore's Federal Practice § 16.14[1] [b] (3d ed.1997)).

[33] *Phillips*, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)).

commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend."[34]

The Court finds that Mr. Mendoza has not demonstrated good cause for his failure to comply with the scheduling order deadline of July 5, 2017 for seeking leave to file a motion to amend the Complaint. Although Mr. Mendoza indicated his desire to seek leave to amend in February and May of 2017, and although the Court discussed this issue with the parties several times and granted extensions, Mr. Mendoza did not make the instant request until more than two months after the final deadline passed. At that point, it had been almost a year and a half since the filing of the Complaint. Furthermore, Mr. Mendoza does not indicate that he obtained new information after the July 5, 2017 deadline that prompted the proposed amendment. Instead, he argues that he was engaging in settlement negotiations.

Although the Court appreciates good faith efforts at reaching a settlement, such efforts are not a means by which parties can ignore or automatically extend the deadlines set by the Court in the various scheduling orders. A Court's pretrial order "controls the course of the action unless the court modifies it."[35] This is because the Court maintains control over the schedule to expedite disposition of the action and to discourage wasteful pretrial activities.[36]

The Court also finds that Mr. Mendoza was not diligent because he discovered the information that forms the basis of his proposed amendment in October 14, 2016, when the defendant provided interrogatory answers in the companion case *Heerema*, which indicated that

---

[34] *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

[35] Fed. R. Civ. P. 16(d).

[36] Fed. R. Civ. P. 16(a).

Mr. Garbus reviews collection letters before they are sent out.[37] This belies Mr. Mendoza's claim that the June 22, 2017 deposition of Mr. Garbus brought out the "newly elicited information" that Mr. Garbus reviews the collection letters.[38] Moreover, even if this deposition was the first time that Mr. Mendoza learned of this information, this deposition still took place two weeks before the deadline for requesting leave to amend.

Finally, the Court notes that the amendment that Mr. Mendoza proposed in February and May – concerning accrual of interest – is entirely different from the one he now proposes, and thus those requests are inapplicable to the instant analysis.[39] Since Mr. Mendoza has not provided sufficient justification for seeking leave to amend over two months after the twice-extended deadline, he has not met the Rule 16 "good cause" threshold.

Though not required, the Court will nonetheless proceed to conduct a Rule 15 analysis in order to demonstrate that even if Mr. Mendoza were to have established good cause for his delay, his motion to amend would still be denied on the basis of the futility of the proposed amendment.

### B. Rule 15 Analysis

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."[40] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[41] While courts have broad discretion to decide motions to amend,

---

[37] (*See* D.E. 38, Def.'s Br., 9-10).

[38] (D.E. 31-2, Mot. to Am., Pl.'s Br., 16).

[39] *See supra* nn. 10, 12, 20-25 and accompanying text.

[40] Fed. R. Civ. P. 15(a)(2).

[41] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[42] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[43] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend.[44]

"[A]n amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"[45] "Importantly, however, Rule 15(c) is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties."[46] "[W]here the original pleading does not give a defendant 'fair notice of what the plaintiff's amended claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied."[47] "[T]he underlying question for a Rule 15(c) analysis is 'whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'"[48]

---

[42] *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Fed. R. Civ. P. 15(a)(2).

[43] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

[44] *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002).

[45] *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P. 15(c)(1)(B)).

[46] *Id.* (quoting 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1497 (2010)).

[47] *Id.* at 146 (internal brackets omitted) (quoting *Balwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984)).

[48] *Id.* (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)).

Mr. Mendoza's proposed amendment is futile for being time-barred, since it would not relate back to the original filing, which was made on the last day of the FDCPA's one-year statute of limitations period.[49] In the original Complaint, Mr. Mendoza alleges that the Defendants violated the FDCPA by not having an attorney meaningfully review the debt collection letter.[50] In the proposed amendment, he alleges that the Defendants violated the FDCPA in part by conducting the very review that he alleges in the original Complaint did not happen.[51] The proposed amendment, therefore, directly reverses one of the crucial factual allegations in the original Complaint, and correspondingly inverts the legal theory upon which Mr. Mendoza relies.[52] In light of this, the original pleading did not give the defendants fair notice of "the grounds upon which [the amendment] rests" nor did it "adequately notif[y] the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'"[53] This determination also applies to the portions of the proposed amendment which seek to add new parties. The addition of those proposed parties depends upon the reversal of factual allegation and legal theory that the remainder of the

---

[49] *See* 15 U.S.C. § 1692k(d); *Glover*, 698 F.3d at 145. FGG mailed the relevant letter on April 6, 2015, and the Complaint was filed on April 5, 2016. (D.E. 1 Compl.).

[50] *See supra* n. 20 and accompanying text.

[51] *See supra* nn. 21-24 and accompanying text.

[52] Apparently "just in case," Mr. Mendoza also attempts to keep the original Complaint's allegation of a lack of meaningful attorney involvement in his back pocket, leaving two references to it in the proposed amendment. (D.E. 31-5, Mot. to Am., Ex. B, p. 8, 11). This amounts to asserting directly contradictory theories, whereby Mr. Mendoza attempts to have it both ways and prevail either "if X (there was attorney review)" or "if not-X (there was no attorney review)". Nonetheless, the vast majority of the proposed amendment asserts the newer theory, while almost all of the material regarding the original theory is absent from the proposed amendment.

[53] *Glover*, 698 F.3d at 146 (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)).

proposed amendment attempts, and "when an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation back rule is more stringent."[54]

## IV. CONCLUSION

Since Mr. Mendoza has not demonstrated good cause for his delay in seeking leave to amend, and since his proposed amendment would be futile, his motion for leave to amend is **denied**.

An appropriate Order follows.

### ORDER

**IT IS** on this Thursday, February 08, 2018,

**ORDERED** that Plaintiff Mendoza's motion for leave to amend the Complaint is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/8/2018 2:39:05 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
   File

---

[54] *Feuerstack v. Weiner*, No. 2:12-CV-04253, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013) (citing *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131-32 (11th Cir. 2004)).